UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS and PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND, and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO,

Civil Case No.:
1:21-cv-1868

**COMPLAINT**

                      Plaintiffs,

-against-

BO GUARDS MECHANICALS LLC,
                      Defendant.
------------------------------------------------------------------------X

      Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complaint of Defendant as follows:

**JURISDICTION AND VENUE**

      1.     Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), as amended, §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145; and the Labor Management Relations Act, (hereinafter "LMRA"), as amended, § 301, 29 U.S.C. § 185; derivative jurisdiction is contained in 28 U.S.C. §§ 1331 and 1337.

1

2. Venue within this district is proper pursuant to LMRA § 301, 29 U.S.C. § 185; ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## NATURE OF ACTION

3. This action is brought, inter alia, in accordance with the requirements of the LMRA § 302, as amended, 29 U.S.C. § 186 ("Taft-Hartley" plans) to enforce the relevant provisions of the jobsite agreement, applicable collective bargaining agreements, and statutory obligations imposed on Defendant by ERISA § 515, 29 U.S.C. §1145, and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4. Plaintiffs, TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS AND PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, (hereinafter "ERISA FUNDS") are, at all relevant times, employee benefit plans as defined in ERISA § 3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, which, further, qualify as multi-employer plans within the meaning of ERISA § 3(37)(A),

29 U.S.C. §1002(37)(A). The ERISA FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

5. Plaintiffs, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, and SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND (hereinafter "UNION FUNDS" and, collectively with the ERISA FUNDS, hereinafter referred to as the "FUNDS") are contractually-generated funds created pursuant to the relevant collective bargaining agreement ("CBA") between Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO, and non-parties Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc.  The UNION FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

6. Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO, (hereinafter "LOCAL 28" or "UNION") is a labor organization affecting commerce as defined by LMRA § 152(5) as well as ERISA § 1002(4) representing individuals who performed work for Defendant, BO GUARDS MECHANICALS LLC.  LOCAL 28 maintains an office at 500 Greenwich Street, Suite 502, New York, New York 10013.

7. Upon information and belief, Defendant, BO GUARDS MECHANICALS LLC, (hereinafter "BO GUARDS" or the "Employer"), is and was, at all relevant times, a domestic New York corporation transacting business pursuant to the laws of the State of New York with its principal place of business at 1481 Washington Avenue, Suite 13D, Bronx, New York 10456.

3

8. The Employer is, and was at all relevant times, engaged in an industry affecting commerce and an "employer" within the meaning of the National Labor Relations Act, (hereinafter "NLRA"), §§ 2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and ERISA §§ 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

## FACTS

9. The Employer has, at all times relevant to this action, been a party to a CBA with the UNION governing the wages, hours and working conditions of certain of its employees.

10. At all times relevant to this action, the CBA has required the Employer to make contributions to the FUNDS and LOCAL 28 on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

11. In addition to weekly benefits contributions, the CBA requires the Employer to submit a weekly remittance report to the FUNDS providing the name and hours worked for each worker employed by the Employer on whose behalf employee benefit contributions are made.

12. By way of executing the CBA, the Employer agreed to be bound by the provisions of the FUNDS' Collection Policy, By-Laws, and the Agreement and Declaration of Trust governing the various FUNDS.

13. The CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS provide that if the Employer fails to remit contributions by the date due, the Employer is liable to the ERISA FUNDS for: (A) the delinquent contributions; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the ERISA FUNDS' attorneys' fees and costs.

14. The CBA requires signatory employers to submit to period audits of their books and records in order to determine whether the employers have made the contributions they are obligated to make pursuant to the collective bargaining agreement.

15. The FUNDS have determined that BO GUARDS did not contribute to the FUNDS for the period from December 19, 2017 to the present.

16. The FUNDS have directed their auditor, Calibre Group PLLC ("Calibre"), to audit BO GUARDS for the period from December 19, 2017 to the present.

17. The Employer failed to provide Calibre with all of the documents requested by Calibre to complete the audit. The sole information provided to Calibre were corporate tax returns.

18. Calibre used the Employer's corporate tax returns to estimate the Employer's delinquency. Calibre has estimated that BO GUARDS has failed to contribute to the FUNDS $1,840,447.33 in contributions that are due and owing for the period from December 19, 2017 to the present.

19. To date, the Employer has failed to pay contributions in the amount of $1,840,447.33 due and owing to the FUNDS for the period from December 19, 2017 to the present.

20. To date, the Employer has not provided any further documentation to challenge Calibre's findings.

## COUNT I – ERISA

21. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs with the same force and effect as though the same were set forth at length herein.

22. Section 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the

5

terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

23. The Employer's failure to pay contributions, interest, liquidated damages and attorneys' fees and costs owing to the ERISA FUNDS and to submit remittance reports violates the CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS, which is incorporated into the CBA, thus giving rise to an action under ERISA Section 515.

24. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
>
> (a) the unpaid contributions,
>
> (b) interest on the unpaid contributions,
>
> (c) an amount equal to the greater of
>
> > (i) interest on the unpaid contributions; or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
>
> (d) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (e) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan[.]

25. The ERISA FUNDS are thus entitled under ERISA Section 502(g)(2) to unpaid contributions in the amount of $1,840,447.33, interest, liquidated damages, attorney's fees and costs.

## COUNT II – LMRA

26. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs with the same force and effect as though the same were set forth at length herein.

27. Section 301 of the LMRA, 29 USC § 185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

28. By failing to pay the contributions and other amounts owing to the UNION FUNDS, the Employer has violated the CBA and the Agreement and Declaration of Trust governing the various FUNDS, which is incorporated into the CBA.

29. The FUNDS are thus entitled under LMRA Section 301(a) to unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## COUNT III – AUDIT DEMAND

30. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs with the same force and effect as though the same were set forth at length herein.

31. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement…[t]o make such contributions in accordance with the terms and conditions of such plan or such agreement."

32. BO GUARDS, by virtue of its failure to submit the records required to determine whether the defendant has made the contributions it is obligated to make pursuant to the collective bargaining agreements, has violated Section 515 of ERISA, 29 U.S.C. §1145.

33. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless defendant is ordered specifically to

perform all obligations on its part required to be performed under the collective bargaining agreements.

34. BO GUARDS, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to immediately submit its books and records for an audit covering the period from December 19, 2017 to the present.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter a judgment:

1. Ordering BO GUARDS MECHANICALS LLC to pay the PLAINTIFFS: (A) the delinquent contributions amounting to $1,840,447.33 for the period of December 19, 2017 to the present; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the FUNDS' attorneys' fees and costs; and,

2. Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted; or in the alternative,

3. Ordering BO GUARDS MECHANICALS LLC to submit to an audit of its payroll books and records for the period of December 19, 2017 to date;

4. Ordering BO GUARDS MECHANICALS LLC to pay (A) any delinquencies identified by the audit; (B) interest on the unpaid contributions; (C) an amount equal to a greater of (i) interest on the unpaid contributions or (ii) liquidated damages of twenty percent (20%) of the unpaid contributions; and (D) the FUNDS' attorneys' fees and costs; and

5. Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: March 3, 2021
      Woodbury, New York

      Respectfully submitted,

      COLLERAN, O'HARA & MILLS L.L.P.

      By:   /s/ *Thomas P. Keane*
      THOMAS P. KEANE (TK4425)
      Attorneys for Plaintiffs
      100 Crossways Park Drive West, Suite 200
      Woodbury, New York 11797
      (516) 248-5757
      tpk@cohmlaw.com

TO:   Bo Guards Mechanicals LLC
       1481 Washington Avenue, Suite 13D
       Bronx, NY 10456