UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' UNION NO. 28 FUNDS AND PLANS, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> BO GUARDS MECHANICALS LLC, <br><br> Defendant. | 21 Civ. 1868 (PAE) (KHP) <br><br> OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court, on plaintiffs' motion for a default judgment, *see* Dkts. 13–16 ("Motion"), previously found defendant in default and referred this matter to the Hon. Katharine H. Parker, United States Magistrate Judge, for an inquest into damages. Dkts. 21–22. Before the Court now is Judge Parker's December 27, 2021 Report and Recommendation that the Court award $1,840,477.33 in delinquent contributions; $502,096.69 in interest; $368,096.69 in liquidated damages; $11,318.00 in attorneys' fees; and $602.42 in costs, and order the defendant, within 30 days of entry of this opinion, to produce the documents sought in the audit, or state that these do not exist. Dkt. 48 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report.

For the following reasons, the Court adopts the Report's recommendation, save as to a minor mathematical adjustment.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has

been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety, with one minute modification. The Report calculates the attorneys' fees from 2.1 hours of work by Ms. Piazza at $150 per hour, 15.8 hours of work by Ms. Murphy at $150 per hour, 0.3 hours of work by Mr. O'Hara at $400 per hour, and 34 hours of work by Mr. Keane at $250 per hour. This adds up to $11,305.00, a slightly different total than recommended in the Report.

Because the Report explicitly states that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections," and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 16, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's Motion and awards $1,840,477.33 in delinquent contributions; $502,096.69 in interest; $368,096.69 in liquidated damages; $11,305.00 in attorneys' fees; and $602.42 in costs. The Court also hereby orders the defendant, within 30 days of the issuance of this decision, to produce the documents sought in the audit, or

state that the documents do not exist.  The Clerk of Court is respectfully directed to close the

case.


SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 14, 2022
       New York, New York